McKinney, J.,
delivered the opinion of the Court.
This was an action on the case to recover damages for the Avrongful suing out of an attachment, without probable cause.
The attachment was sued out, not as an original process, but under the act of 1843, ch. 29, as auxiliary to a suit at law then pending.
It seems that Turner had sued the plaintiff, in as-sumpsit, to recover the value of certain sendees, and *53 labor performed for him. In aid of this suit, the attachment was procured to issue. The ground of the attachment need not now be' noticed, as the case turns upon a question altogether aside from the merits of the case. ■
The facts of the case are, in some respects, very imperfectly and obscurely presented in the record. It would seem, however, that the main ground of defence relied upon on the trial, was, that the present suit, for the wrongful issuance of the attachment, was commenced' before the attachment itself, or the ‘ suit to which it was auxiliary, had been disposed of.
The Court held that the suit having been prematurely brought, the plaintiff must fail; and verdict and judgment were rendered for defendant.
Erom anything in the record, it does not appear that this ground of defence was taken by' plea, or that the objection was made until the trial. The bill of exceptions states — that it was shown from the record, that the present suit was commenced on the 13th of July, and the attachment' was disposed of on the 16th of July, 1857. And on this proof, made on the trial, the case weijt off. We will not decide whether this defence, if made in the proper form and at the proper time, ought to have prevailed; but will restrict our inquiry to the simple question, whether it was admissible for the defendant to avail himself of it, by proving the facts on the trial.
The fact that a suit has been prematurely brought, is properly matter for what is termed a plea in abatement to the action of the writ, unless the objection is *54 apparent upon the face of the record, and then it is ground of demurrer, or may he taken advantage of on the trial. But, if not so apparent, it must he pleaded in abatement; and if this he not done, the defendant loses the benefit' of the defence. 1 Ohitty on PI. 453.
Upon this ground alone the judgment must be reversed, and the case remanded for a trial on the merits.